

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GRIMM BROTHERS REALTY CO. and | : | |
| GARY GRIMM | : | |
| 837 Swede Street | : | |
| Norristown, PA 19401 | : | |
| Plaintiffs | : | Civil Action |
| | : | |
| v. | : | 16    5589 |
| | : | No.: _____ |
| NORRISTOWN MUNICIPALITY, | : | |
| NORRISTOWN MUNICIPAL | : | |
| WASTE AUTHORITY | : | |
| Floor 2, 235 East Airy Street | : | |
| Norristown, PA 19401 | : | |
| Defendants | : | |

## CIVIL ACTION – COMPLAINT

Plaintiffs, GRIMM BROTHERS REALTY CO. (hereinafter, "GBR") and GARY GRIMM (hereinafter, "GRIMM"), by and through its/his attorney, PAULA GATES, of FELDMAN, GATES & BOSSERT LLC, bring this action against Defendants NORRISTOWN MUNICIPALITY (hereinafter, "NORRISTOWN"), NORRISTOWN MUNICIPAL WASTE AUTHORITY (hereinafter, "NMWA"), and aver as follows:

### JURIDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 42 U.S.C. section 1983.

2. This Court has supplemental jurisdiction to determine Plaintiffs' related state law claims pursuant to 28 U.S.C. section 1367.

3. Venue is proper in this district under 28 U.S.C section 1391(b) and 29 U.S.C section 1132(c) because Defendants may be found in this district and the acts complained of occurred in this district.

### PARTIES

4. Plaintiffs hereby incorporate paragraphs one through three of this Complaint as if fully set forth herein.

5. Plaintiff GBR is a real estate landlord, management, and holding business incorporated in the Commonwealth of Pennsylvania and conducts business

1

in and around the Norristown, Pennsylvania area with an address of 837 Swede Street, Norristown, Pennsylvania 19401.

6. Plaintiff Grimm is a non-stock holder and officer of GBR, with an address of 837 Swede Street, Norristown, Pennsylvania 19401.

7. Defendant NORRISTOWN, is a government entity with its principal address at 235 East Airy Street, Norristown, Pennsylvania 19401.

8. Defendant NMWA is a municipal and/or government entity with its principle office address at Floor 2, 235 East Airy Street, Norristown, Pennsylvania 19401.

9. Though Defendants NMWA and NORRISTOWN are technically separate entities, NMWA, at all times relevant hereto, acted under the direction and control of Defendant NORRISTOWN. At all times relevant hereto, NMWA was, in reality, an arm of Defendant NORRISTOWN, as the following examples reflect:

   a. The Solicitor for Defendant NMWA was also the Administrator for Defendant NORRISTOWN;
   b. Members of Defendant NMWA were appointed by council members of Defendant NORRISTOWN;
   c. Laws for Defendant NMWA were created and passed by council members of Defendant NORRISTOWN;
   d. The President of Defendant NORISTOWN'S council was an employee of the Solicitor for Defendant NMWA;
   e. Non-publicly-advertised meetings were held at the office of Solicitor and were attended by council members of Defendant NORRISTOWN.

10. At all times relevant hereto, the Defendants acted under color of state law.

## FACTS

11. Plaintiffs hereby incorporate paragraphs one through ten of this Complaint as if fully set forth herein.

12. Plaintiff GBR owns six properties within the limits of the Defendant NORRISTOWN and is in the business of maintaining and renting commercial and/or residential space within these properties.

13. On or about March 7, 2000, Plaintiffs' headquarters at 837 Swede Street, Apartment 2, Norristown, Pennsylvania, suffered a fire and was condemned by the Defendant NORRISTOWN. Said headquarters includes Plaintiffs' office, warehouse, four rental apartments and two rental commercial units.

2

14. Following the condemnation of the Plaintiffs' headquarters, Plaintiff GRIMM became increasingly knowledgeable about local laws and procedures with respect to building codes and their application and enforcement.

15. Indeed, Plaintiff GRIMM became aware of multiple abuses of the relevant laws and procedures committed by the Defendant NORRISTOWN and its agents, including, but not limited to, the lack of consistency in the application of citation and condemnation procedures, selective enforcement in citation issuance and condemnation actions, and the Defendant NORRISTOWN'S refusal to publish relevant BOCA codes as required by law.

16. As a result of the foregoing, Plaintiff GRIMM became publicly outspoken with respect to the foregoing abuses, voicing his criticisms in newspapers and public forums.

17. Plaintiff GBR fell behind on payment of its sewer fees owed for its six properties for the years 1999-2005 due to a long-running legal battle with Defendant NORRISTOWN and its unwarranted and continued condemnation of GBR's single largest source of income, 837 Swede Street, Norristown, Pennsylvania 19401, which condemnation exceeds a decade and a half in duration.

18. In 2005 Defendant NORRISTOWN's Solicitor offered to lift the condemnation of 837 Swede Street upon receipt of reports from qualified inspectors that the property was in compliance with the building codes.  Defendants obtained several reports from leaders in the industry, however, the condemnation remain in place. Defendant GBR has litigated in the Court of Common Pleas multiple times, seeking to lift the condemnation.

19. Defendant NORRISTOWN's Solicitor informed Plaintiff GBR's then-counsel that if Plaintiff GBR took no further action its sewer fee debts would "go away," which Plaintiffs considered a settlement offer.

20. However, three years later ~ in 2008 ~ Defendants began aggressively pursuing Plaintiff GBR for payment of the sewer fees.  The Defendants vigorously opposed Defendant GBR's requests for more time to respond to the claims against it, even though it had waited years before actively seeking recovery on the underlying liens.

21. In April, 2011, Plaintiff GBR filed for bankruptcy, in which case Plaintiff was represented by Attorney Roger Ashodian.  All notices concerning the sale of the Plaintiff GBR's properties were served by the Defendants upon Attorney Ashodian only.

22. All of the sewer fees due on the Plaintiff GBR's properties from 2006 to the present date are current and have been paid in a timely manner.

23. Plaintiff GBR has incurred a loss of, at a minimum, $585,000 (13 years x $45,000 per year) in rental income, along with having incurred legal fees and costs to lift the condemnation.

24. As further consequences thereof, Plaintiff GBR has suffered the loss of the full beneficial use of its property, witnessed a diminution in value of its property, and has suffered from its inability to secure bank financing using said property as collateral.

25. Perhaps most egregiously, Plaintiff GRIMM has been arrested by the police department of the Defendant NORRISTOWN on multiple occasions within the past few years with all charges but one ultimately being dropped and despite the fact that Plaintiff GRIMM had never been arrested previously.

26. In sum, as a result of the Defendants' aggressive and punitive conduct, Plaintiffs have suffered significant pecuniary losses, extensive damage to their business and personal relationships, and public humiliation.

## COUNT I
## INVERSE CONDEMNATION AS TO
## 837 SWEDE STREET, NORRISTOWN, PENNSYLVANIA 19401

18. Plaintiffs hereby incorporate paragraphs one through seventeen of this Complaint as if fully set forth herein.

19. To date, the Defendants have continued to refuse to lift the condemnation of the Plaintiffs' headquarters at 837 Swede Street, Norristown, Pennsylvania 19401, despite being provided ample evidence that the property is suitable for use and occupancy.

20. Plaintiff GBR has incurred a loss of, at a minimum, $585,000 (13 years x $45,000 per year) in rental income, along with having incurred legal fees and costs to lift the condemnation.

21. As further consequences thereof, Plaintiff GBR has suffered the loss of the full beneficial use of its property, witnessed a diminution in value of its property, and has suffered from its inability to secure bank financing using said property as collateral.

4

## COUNT II
## SLANDER OF TITLE AS TO
## 837 SWEDE STREET, NORRISTOWN, PENNSYLVANIA 19401

22.   Plaintiff GBR hereby incorporates paragraphs one through twenty-one of this Complaint as if fully set forth herein.

23.   The condemnation of Plaintiff GBR's headquarters is a matter of public record, published by Defendants NORRISTOWN.

24.   Ample evidence has been presented to the Defendant NORRISTOWN that the property is suitable for use and occupancy.

25.   Despite the foregoing, Defendant NORRISTOWN has continued to refuse to lift the condemnation of the Plaintiffs' headquarters at 837 Swede Street, Norristown, Pennsylvania 19401.

26.   As a consequence thereof, Plaintiff GBR has been subjected to the violation of its right to due process.

27.   Plaintiff GBR has incurred a loss of, at a minimum, $585,000 (13 years x $45,000 per year) in rental income, along with having incurred legal fees and costs to lift the condemnation.

28.   As further consequences thereof, Plaintiff GBR has suffered the loss of the full beneficial use of its property, witnessed a diminution in value of its property, and has suffered from its inability to secure bank financing using said property as collateral.

## COUNT III
## VIOLATION OF FIRST AMENDMENT RIGHTS
## UNDER 42 U.S.C.A. Section 1983

29.   Plaintiffs hereby incorporates paragraphs one through twenty-eight of this Complaint as if fully set forth herein.

30.   Defendants, acting under color of state law, violated Plaintiffs' right to free speech pursuant to 42 U.S.C. section 1983, protected by the First Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment to the Constitution.

31.   Plaintiff GRIMM is a private citizen.

32.   Plaintiff GRIMM has, for many years, been publicly critical of abuses of committed by Defendant Norristown, which abuses are matters of public concern.

5

34. In retaliation for exercising his right to free speech, Defendants have refused to lift the condemnation of the property located at 837 Swede Street, Norristown, Pennsylvania 19401, despite ample evidence that the property is fit for use and occupancy, Defendants have aggressively pursued exacting sewage use charges from Plaintiffs and the sale of Plaintiffs' properties, Plaintiff GRIMM has been arrested by the police department of the Defendant NORRISTOWN on multiple occasions within the past few years with all charges but one ultimately being dropped and despite the fact that Plaintiff GRIMM had never been arrested previously.

35. As a result of the Defendants' retaliatory conduct, Plaintiffs have suffered significant pecuniary losses, extensive damage to their business and personal relationships, and public humiliation.

## COUNT IV
## VIOLATION OF DUE PROCESS RIGHTS
## UNDER 42 U.S.C.A. SECTION 1983

36. Plaintiffs hereby incorporate paragraphs one through thirty-five of this Complaint as if fully set forth herein.

37. Defendants, acting under color of state law, violated Plaintiffs' due process rights pursuant to 42 U.S.C. section 1983, protected by the Fifth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment to the Constitution.

38. Defendants have violated and continue to violate Plaintiffs' right to substantive due process in their ongoing refusal to lift the condemnation of 837 Swede Street, Norristown, Pennsylvania 19401.

39. Defendants violated Plaintiffs' right to procedural due process in their failure to provide Plaintiffs' a meaningful and legitimate opportunity to be heard with respect to the condemnation of 837 Swede Street, Norristown, Pennsylvania 19401.

40. In 2008 Defendants began aggressively pursuing Grimm for payment of past sewer fees, although the sewer fees from 2006 onward were current. At no time was Plaintiff GBR offered an opportunity to pay according to a schedule or to negotiate a reduction in the accrued fines and penalties (which exceeded the initial amounts Defendants claimed were owed), as is the common practice of the Defendants. Such refusal is a denial of the Plaintiff's right to substantive due process.

6

41.    Indeed, the Defendants vigorously opposed Plaintiff GBR's requests for more time to respond to the claims against it, even though it had waited years before actively seeking recovery on the underlying liens.

42.    In April, 2011, Plaintiff GBR filed for bankruptcy, in which case Plaintiff was represented by Attorney Roger Ashodian.  All notices concerning the sale of the Plaintiff GBR's properties were served by the Defendants upon Attorney Ashodian only.

43.    Such "notice" was ineffective and improper, thereby denying the Plaintiff GBR its right to procedural due process.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in excess of $75,000, along with attorneys' fees, costs, punitive damages, consequential damages, liquidated damages, and any other damages this court deems just.

## JURY DEMAND

44.    Plaintiffs hereby incorporate paragraphs one through forty-three of this Complaint as if fully set forth herein.

45.    Plaintiffs demand a trial by jury.

FELDMAN, GATES & BOSSERT LLC

BY: _____
PAULA GATES, ESQ.
Attorney for Plaintiffs
Attorney I.D. No.: 320414
150 Monument Road
Bala Cynwyd, Pennsylvania 19004
(T): (215)965-7898
(F): (215)827-5645

Date: 10/26/2016

7

## VERIFICATION

I, GARY GRIMM, hereby verify that I am authorized to verify the instant Complaint on behalf of the Plaintiffs in the within case and that the statements in the foregoing Complaint are true to the best of my knowledge and belief.

I understand that false statements are made subject to the penalties of 18 Pa.C.S.A. section 4904 relating to unsworn falsifications to authorities.

_____
GARY GRIMM

DATE: 10/26/2016

## CERTIFICATION OF SERVICE

I, PAULA GATES, ESQ. attorney for Plaintiffs GRIMM BROTHERS REALTY CO. and GARY GRIMM, hereby certify that on the date listed below I caused to be served a true and correct copy of Plaintiffs' Complaint upon the following via first class mail:

NORRISTOWN MUNICIPAL WASTE AUTHORITY
Floor 2
235 East Airy Street
Norristown, Pennsylvania 19401

and

NORRISTOWN MUNICIPALITY
235 East Airy Street
Norristown, Pennsylvania 19401

FELDMAN, GATES & BOSSERT LLC

BY: _____
PAULA GATES, ESQ.
Attorney for Plaintiffs
Attorney I.D. No.: 320414
150 Monument Road
Bala Cynwyd, Pennsylvania 19004
(T): (215)965-7898
(F): (215)827-5645

Date: 10/26/2016